## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARNE K. MITSKOG,

                         Plaintiff,

         v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

                         Defendants.

Civil Action No. 1:18-cv-00611 (JMC)

## <u>MEMORANDUM OPINION</u>

Plaintiff Marne Mitskog sued the Department of Justice, the Federal Election Commission, and several individual government attorneys from both agencies.[1] She alleges that all Defendants—the DOJ, the FEC, and individual employees from both agencies—violated the Privacy Act by intentionally releasing her emails within internal agency records. ECF 3 at 12–13. She also alleges that the DOJ and several of its employees violated the Privacy Act by disseminating her emails outside of the agency. *Id.* at 13. Finally, Mitskog alleges that the individual FEC Defendants violated the First Amendment, and she brings a *Bivens* claim against them seeking damages for retaliatory termination. *Id.* at 14–15. For a variety of reasons, the Court determines that Mitskog's claims must be dismissed.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

I.     **BACKGROUND**

The Court accepts the facts alleged in the Amended Complaint. *See* ECF 3. Marne Mitskog served as a Trial Attorney at the U.S. Department of Justice (DOJ) from 2010 to 2011. *Id.* at 2. While there, she reported "crime, fraud, and misconduct within the Civil Division of the DOJ" that had allegedly occurred under the supervision of Ann Ravel, who was Deputy Assistant Attorney General at the time. *Id.* at 6. For at least a year after that, Mitskog continued to publicly excoriate Ravel while Mitskog worked as a Staff Attorney in the Federal Election Commission (FEC) and Ravel worked for the California state government. *Id.*

Mitskog also sent Ravel a series of "angry" and "caustic" emails after Ravel was nominated to serve as an FEC Commissioner. *Id.* at 7 n.4. In those emails, Mitskog claimed to be "exercising [her] First Amendment right to call out a former, and soon to be again, Federal official on her misconduct." *Id.* at 7. Mitskog alleges that she was terminated from the FEC on June 27, 2013, because of her emails to Ravel.[2] *Id.* At some time not identified in her Amended Complaint, Mitskog initiated proceedings against the DOJ before the Equal Employment Opportunity Commission alleging that she had been constructively discharged from her position as a DOJ Trial Attorney. *Id.* at 6, 9. The emails she had sent Ravel were produced by the DOJ in the EEOC proceedings. *Id.* at 9.

Mitskog sued the DOJ, the FEC, and several employees from both agencies for releasing her emails and for retaliatory termination. Mitskog alleges that those Defendants violated the Privacy Act by intentionally releasing her emails in internal agency records. *Id.* at 12–13. She also alleges that the DOJ and several of its employees violated the Privacy Act by disseminating her

---

[2] Mitskog appealed her initial termination, and her original separation letter was replaced with a "Notice of Proposed Removal." ECF 3 at 8–9. Mitskog was ultimately terminated from the FEC in January 2014 with a retroactive effective date of December 2013. *Id.*

emails outside of the agency. *Id.* at 13. Finally, Mitskog alleges that the individual FEC Defendants violated the First Amendment, and she brings a *Bivens* claim against them seeking damages for retaliatory termination. *Id.* at 14–15. Mitskog seeks $2 million in compensatory damages and $5 million in punitive damages. *Id.* at 16.

The DOJ and the individual Defendants (in their official capacities) filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF 13, to which Mitskog responded, ECF 74, and Defendants replied, ECF 79.[3] The individual Defendants (in their personal capacities) also filed a Motion to Dismiss. ECF 45. Mitskog responded, ECF 77, and the individual Defendants replied, ECF 78.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all of the elements of their claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679.

## III.    ANALYSIS

### A.  Privacy Act Claims

#### 1. Individual Defendants

---

[3] The Court declines to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment, and therefore does not consider any materials outside of the pleadings.

Mitskog's Amended Complaint includes three Privacy Act claims against DOJ and FEC officials. The individual defendants moved to dismiss the claims against them, arguing that those claims were precluded because the Privacy Act does not create a cause of action against individual federal employees. ECF 13-1 at 16; ECF 45 at 27–28. The Court agrees. The Privacy Act authorizes plaintiffs to bring civil suits only against an "agency." 5 U.S.C. § 552a(g)(1). The D.C. Circuit has endorsed the plain language of the Act, holding that it "creates a cause of action against only federal government agencies and not . . . individual officials." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 n.4 (D.C. Cir. 2015). Mitskog attempts to get around this by pointing to a section of the Privacy Act that establishes criminal penalties for individuals. *See* ECF 77 at 8–9 (citing 5 U.S.C. § 552a(i)(1)). But Mitskog is attempting to pursue a civil action against the individual defendants. She cannot pursue a criminal action, so that section is inapplicable here. Because the Privacy Act does not provide a cause of action for Mitskog's claims against the individual Defendants, the Court grants their Motion to Dismiss as to the Privacy Act claims.

The Court also dismisses the Privacy Act claims against the Jane and Joe Doe Defendants, who are "individuals within the FEC who may have used, disseminated, or maintained Plaintiff's communications in violation of the Privacy Act and its subsections." ECF 3 at 5. The reasoning that compels the Court to dismiss the claims against the named Defendants also makes it "patently obvious" that Mitskog cannot prevail on her claims against the unnamed Defendants. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (1990).

### 2. Agency Defendants

Mitskog's Privacy Act claims against the DOJ and FEC must be dismissed as well because Mitskog filed her lawsuit after the statute of limitations expired. The Privacy Act requires claims to be brought "within two years from the date on which the cause of action arises." 5 U.S.C. §

552a(g)(5). "A cause of action arises under the Privacy Act when 'the plaintiff knows or should know of the alleged violation.'" *Crisman v. Dep't of Just.*, 332 F. Supp. 3d 139, 155 (D.D.C. 2018) (quoting *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987)). The two-year statute of limitations is subject to equitable tolling, but plaintiffs hoping to toll the statute of limitations must generally show that they were "unable to obtain vital information bearing on the existence of [their] claim" despite exercising "all due diligence." *Chung v. Dep't of Just.*, 333 F.3d 273, 278 (D.C. Cir. 2003).

According to the Amended Complaint, Mitskog learned of the allegedly unlawful disclosure in July 2013. *See* ECF 1 at 9–10. Her deadline for filing a lawsuit was two years later, in July 2015. But her initial Complaint was not filed until February 2018—more than two years after that deadline. Therefore, Mitskog's Privacy Act claims fall outside of their statute of limitations.

Mitskog argues that her claims should nevertheless be allowed to proceed because DOJ and FEC attorneys continued to release Mitskog's emails throughout the EEOC proceedings, and even filed those emails as attachments in this case. *See* ECF 74 at 5–9. Mitskog references equitable tolling while making this argument, *see id.*, but she does not suggest that, "despite all due diligence," she was "unable to obtain vital information bearing on the existence of [her] claim." *Chung*, 333 F.3d at 278. Equitable tolling is therefore the wrong framing of this argument.

Instead, Mitskog appears to be making a "continuing violations" argument by alleging that the "new and continuing violations have kept the statute of limitations from running." ECF 74 at 7. But this argument proves unavailing. Courts in this district have uniformly held that "[a] Privacy Act claim is not tolled by continuing violations." *Doe v. Thompson*, 332 F. Supp. 2d 124, 133 (D.D.C. 2004) (quoting *Davis v. Dep't of Just.*, 204 F.3d 723, 726 (7th Cir 2000)); *Ciralsky v. CIA*,

689 F. Supp. 2d 141, 153–54 (D.D.C. 2010) (same); *see also Ramirez v. Dep't of Just.*, 594 F. Supp. 2d 58, 63–64 (D.D.C. 2009), *aff'd* 2010 WL 4340408 (D.C. Cir. 2010). This Court agrees that the continuing violations doctrine is not applicable here. While the DOJ and the FEC allegedly released Mitskog's emails multiple times after the initial disclosure in 2013, the subsequent releases were all related to the initial disclosure—they were part of the same proceedings (or litigation spawning from those proceedings). Allowing Mitskog to tether her statute of limitations period to the latest disclosure would nullify the rule that plaintiffs must commence their Privacy Act litigation within two years from the time they "know[] or should know of the alleged violation." *Tijerina*, 821 F.2d at 798; *see also Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir. 1987); *Bergman v. United States*, 751 F2d 314, 317 (10th Cir. 1984).

Because Mitskog's Privacy Act claims are time-barred, the Court grants the DOJ's and FEC's Motion to Dismiss as to those claims.

### B. First Amendment *Bivens* Claim

Mitskog's Amended Complaint also alleges a First Amendment *Bivens* claim against individual FEC Defendants in their personal capacities.[4] Those Defendants filed a Motion to Dismiss arguing, among other things, that the claim could not be sustained because *Bivens* did not provide a cause of action for it. *See* ECF 45 at 16–21.

*Bivens* provides an implied cause of action for plaintiffs to seek damages from individual federal officers for constitutional violations. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971). But it does not promise redress for every

---

[4] Mitskog does not make explicitly clear whether she meant to bring her First Amendment claim against the individual Defendants in their personal or official capacity. *See* ECF 3 at 14–15. But she expressly states that her claim is a "Bivens Action." *Id.* at 14. Because *Bivens* actions are brought against federal officials in their personal capacities and not their official capacities, *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997), the Court construes the claims as being brought against the individual Defendants in their personal capacities.

violation—the Supreme Court has recognized *Bivens* remedies only for Fourth Amendment violations, *id.*, Eighth Amendment violations, *Carlson v. Green*, 446 U.S. 14, 18–23 (1980), and Equal Protection Clause violations, *Davis v. Passman*, 442 U.S. 228, 245–48 (1979). And even within those contexts, the Supreme Court has declined to apply *Bivens* in every circumstance. *See, e.g.*, *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022) (declining to provide *Bivens* remedy for Fourth Amendment violation); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (same for Eighth Amendment violation).

In recent years, the Supreme Court has urged lower courts to be cautious about extending *Bivens* to new contexts. Courts should not extend *Bivens* remedies beyond these three contexts if "there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. This Court need not perform this comparison because the Supreme Court has already found "that Congress is in a better position to decide whether or not the public interest would be served by creating" a cause of action for federal employees to sue their supervisors after experiencing retaliation for exercising First Amendment rights. *Bush v. Lucas*, 462 U.S. 367, 390 (1983). Because Congress was better equipped, the Supreme Court held that *Bivens* remedy was not available. *Id.* at 368, 390.

Mitskog argues that the D.C. Circuit has already recognized a *Bivens* action in a First Amendment context. ECF 77 at 3. In *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977), the D.C. Circuit held that a *Bivens* action could proceed against police officials who arrested protestors gathered to listen to a Congressman speak at the U.S. Capitol. *Id.* at 173–74, 194–95. But the employment context of *Bush v. Lucas* provides a closer factual analogue than the protests in *Dellums*, and the Supreme Court rejected a *Bivens* remedy in *Bush v. Lucas*.

Because this case presents a nearly identical scenario as in *Bush v. Lucas*, the Court concludes that Mitskog's First Amendment claims cannot proceed under *Bivens*. The individual Defendants' Motion to Dismiss is granted as to Mitskog's First Amendment claim.

## IV.    CONCLUSION

The Court grants the DOJ's and individual Defendants' Motions to Dismiss as to Mitskog's three Privacy Act claims. The Court also grants the individual Defendants' Motion to Dismiss as to Mitskog's First Amendment claim. Finally, the Court dismisses the claims against the unnamed Jane and John Doe Defendants. In sum, all claims against all Defendants in this action are dismissed.

Additionally, the Court notes that Mitskog moved to file a surreply. ECF 80. The Court finds that a surreply would not cure the deficiencies prompting the Court to dismiss this case, and therefore denies Mitskog's Motion.


DATE: May 12, 2023


_____
Jia M. Cobb
U.S. District Court Judge